**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **STACY BROWN**, on behalf of herself and others similarly situated, | : | |
| | : | CASE NO. 3:21-cv-801 |
| **Plaintiff**, | : | |
| | : | JUDGE |
| v. | : | |
| | : | MAGISTRATE JUDGE |
| **UNIVERSAL PROTECTION SERVICE, LLC**, | : | **JURY DEMAND ENDORSED HEREON** |
| c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | : | |
| **Defendant.** | : | |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Stacy Brown ("Named Plaintiff" or "Brown") individually and on behalf of other members of the general public similarly situated, files this Complaint against Defendant Universal Protection Service, LLC ("Defendant" or "UPS") for its failure to properly pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"); and O.R.C. § 2307.60. The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. §§ 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The FLSA retaliation claim under 29 U.S.C. § 215 is brought as an individual claim by Named Plaintiff.

Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I. JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio and a substantial part of the events or omission giving rise to the claims occurred in the Northern District of Ohio.

**II. PARTIES**

**Named Plaintiff**

4. Brown is an individual, United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. Brown was employed by Defendant beginning in or around the year 2008 to present.

6. Brown primarily worked as an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

7. At all times relevant, Brown was a security officer and/or hourly supervisor primarily performing responsibilities for Defendant's clients.

8. Brown brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this collective action to recover unpaid overtime under the FLSA and to recover unpaid overtime under the Ohio Wage Act. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Consent to be Party Plaintiff, attached hereto as **Exhibit A**.)

**Defendant**

9. Defendant is a foreign limited liability company that operates and conducts substantial business activities in the Northern District of Ohio. Defendant is a security and facility services company that provides security services and smart technology to its clients.

10. Defendant employs Named Plaintiff and other hourly security employees to provide these security and facility services to its clients.

11. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated security employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated security employees.

12. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated security employees. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated security employees.

13. At all relevant times, Defendant has had the authority to hire and fire security employees, supervise and control the work schedules and work conditions of security employees, determine the rate and method of pay, and/or maintain security employees' records.

14. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to security employees at all its locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated security employees to work. The work that Named Plaintiff and other similarly situated security employees performed was for Defendant's benefit.

16. Defendant operates and controls and enterprises and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III. FACTS

Failure to Pay Overtime Based on the Proper Regular Rate of Pay

18. During their employment with Defendant, Named Plaintiff and other security employees provided security and facility services to Defendant's clients.

19. Defendant paid Named Plaintiff and other similarly situated security employees an hourly wage to perform work.

20. Named Plaintiff and other similarly situated security employees regularly worked more than forty (40) hours in a workweek.

21. However, Defendant did not pay Named Plaintiff and other similarly situated employees one-and-one-half times their regular rates of pay for all hours worked.

22. For example, Named Plaintiff's base hourly rate of pay was $13.00 per hour. However, Defendant regularly did not pay her or other similarly situated security employees one-and-one-half times their base rates of pay for all hours worked over forty (40) in a workweek.

23. Instead, Defendant reduced Named Plaintiff and other similarly situated security employees' base hourly rate of pay for hours worked over forty (40) in a workweek. However, there was no discernible difference between the types of work performed during the non-overtime hours and the overtime hours. Instead, Defendant simply claimed overtime work would be paid based on a lower base hourly rate of pay. Nevertheless, even when factoring in this lower base rate of pay, Defendant still did not pay Named Plaintiff and other similarly situated security employees one-and-one-half times their regular rates of pay for all hours worked over forty (40).

24. For example, for the pay period beginning March 6, 2020 and ending March 12, 2020, Named Plaintiff was paid for 48 hours of work.[1] Defendant paid Named her base rate of pay of $13.00 per hour for the first 40 hours, and then paid her $17.335 for the 8 overtime hours over 40 in that workweek. However, $19.50 per hour is one-and-one-half times $13.00 per hour, not $17.335. Thus, Defendant failed to pay Named Plaintiff one-and-one-half times her regular rate of pay for all hours worked over 40 in a workweek.

25. Defendant similarly failed to pay Named Plaintiff a proper overtime rate in other workweeks as well, including, but not limited to, workweeks with a pay date of March 26, 2020; April 2, 2020; April 9, 2020; June 25, 2020; and July 2, 2020.[2]

---

[1] *See* March 19, 2020 Pay stub, attached hereto as **Exhibit B**.

[2] *See* March 26, 2020; April 2, 2020; April 9, 2020; June 25, 2020; and July 2, 2020 Pay stubs, attached hereto as **Exhibit C**.

26. Defendant knowingly and willfully created this pay policy or practice in order to reduce the amount of overtime compensation it paid Named Plaintiff and other security employees in violation of the FLSA.

Pre-Shift Work, Post-Shift Work, and Non-Neutral Rounding

27. Named Plaintiff and other similarly situated security employees primarily work either an eight (8) hour or twelve (12) hour shift.

28. For example, an eight (8) hour shift could be from 6:00 a.m. to 2:00 p.m., and a twelve (12) hour shift could be from 6:00 a.m. to 6:00 p.m.

29. Named Plaintiff and other similarly situated security employees do not physically clock in and out of work; rather, Defendant requires its employees to announce when they have arrived and when they are leaving.

30. Named Plaintiff and other similarly situated security employees were not permitted to call in to work until seven (7) minutes before the scheduled start of their shift, and they were required to call in no later than seven (7) minutes after their scheduled shift's end.

31. However, Named Plaintiff and other similarly situated security employees regularly arrived to work and began working prior to seven (7) minutes before the scheduled start of their shift.

32. Similarly, Named Plaintiff and other similarly situated security employees regularly worked more than seven (7) minutes beyond the scheduled end of their shift. For example, Named Plaintiff and other similarly situated security employees could be in the middle of an incident, engaged in other job duties, or waiting for a relieving officer to arrive, which prevented them from being able to stop working no more than seven (7) minutes after the scheduled end of their shift.

33. Defendant only paid Named Plaintiff and other similarly situated security employees for their scheduled shift time but not for time spent working before and after their scheduled shift.

34. Further, Defendant's 7-minute rule violates the FLSA because it ensures that its security employees' time worked always rounds down.[3] This is because Defendant rounds Named Plaintiff and other similarly situated security employees' compensable time worked to the nearest one-quarter of an hour. By instituting a rule that ensured that Named Plaintiff's and other similarly situated security employees' working time always rounded down, such practice violates the FLSA.

35. Further, even disregarding Defendant's pay policy or practice of paying the scheduled shift time and not the employees' actual time worked (which regularly extends beyond 7 minutes pre and post shift), Defendant's rounding policy is not neutral because Named Plaintiff and other similarly situated security employees predominantly begin working before the start of their scheduled shift and continue to work until after the end of their scheduled shift, thus resulting in a failure to compensate them for all the time they actually worked.

36. As a result of Defendant's pay policies and/or practices described herein, Named Plaintiff and other similarly situated security employees were not properly or fully paid one-and-one-half times their regular rates of pay for all hours worked over forty (40).

37. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with federal and Ohio wage and overtime payment and recordkeeping laws.

[3] 29 C.F.R. §785.48(b) (rounding to compute "working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.")

38. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

39. Defendant's failure to compensate Named Plaintiff and other security employees as set forth above resulted in unpaid overtime.

Individual Claim for FLSA Retaliation

40. Named Plaintiff noticed that she was being paid less than one-and-one-half times her regular rate of pay for hours worked in excess of forty (40).

41. Named Plaintiff complained to Defendant about Defendant's FLSA violations regarding her overtime pay.

42. After Named Plaintiff complained to Defendant, Defendant retaliated against Named Plaintiff by taking adverse employment actions against her.

43. First, Defendant demoted Named Plaintiff from supervisor to officer and reduced her work responsibilities.

44. Second, Defendant changed Named Plaintiff's work schedule. Named Plaintiff had generally worked the same work schedule for years, to wit, a Sunday 12-hour shift, Monday 8-hour shift, Tuesday 8-hour shift, and Wednesday 12-hour shift. Defendant changed Named Plaintiff's work schedule to 8-hour shifts on first shift for five (5) days per week, which is less desirable shift and also reduced her opportunity to pick up shifts and work overtime.

45. Third, Defendant began denying Named Plaintiff's vacation requests. Specifically, Defendant denied the following five (5) vacation requests Named Plaintiff submitted.

46. Defendant took these retaliatory adverse employment actions against Named Plaintiff because Named Plaintiff engaged in the protected activity of making a complaint to her employer about not being paid all overtime wages owed.

## IV. SECTION 216(b) COLLECTIVE ALLEGATIONS

47. Named Plaintiff brings the FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated security employees of the opt-in class. The FLSA collective consists of the following:

> All current and former hourly security employees of Defendant who were paid forty (40) or more hours of work in any workweek during the three (3) years preceding the filing of this Complaint (the "FLSA Collective" or the "FLSA Collective Members").

48. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's company-wide payroll policies and practices described herein. Named Plaintiff is representative of those other similarly situated security employees and is acting on behalf of their interests as well as her own in bringing this action.

49. The identities of the putative FLSA Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## V. RULE 23 ALLEGATIONS

50. Named Plaintiff brings the Ohio Wage Act claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other members of the following class:

> All current and former hourly security employees of Defendant who were paid forty (40) or more hours of work in any workweek during

the two (2) years preceding the filing of this Complaint (the "Rule 23 Class" or the "Rule 23 Class Members").

51. The Rule 23 Class includes all current or former hourly, non-exempt security employees employed by Defendant throughout the State of Ohio as defined above.

52. The Rule 23 Class is so numerous that joinder of all members is impracticable.

53. Named Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

54. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

55. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

56. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

57. Questions of law and fact are common to the Rule 23 Class.

58. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt security employees.

59. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiff and the Rule 23 Class as a whole.

60. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class full and proper earned overtime premium for every hour worked over forty (40) in one or more workweeks; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Rule 23 Class members from overtime or other compensation that was withheld or not paid to them.

62. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

65. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

66. During the three years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

67. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

68. Named Plaintiff and the FLSA Collective Members were not paid all overtime wages they were owed, as more fully described above.

69. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

70. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) in workweeks, as described above.

71. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

72. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

73. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time because many of the records necessary to make such precise calculations are in the possession of Defendant or were not otherwise kept by Defendant.

74. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**R.C. 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

75. All of the preceding paragraphs are realleged as if fully rewritten herein.

76. This claim is brought under the Ohio Acts.

77. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Acts.

78. The Ohio Acts require that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

79. Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not fully or properly paid overtime wages they earned for this time spent working, as described above.

80. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Acts.

81. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of O.R.C. § 4111.03, and as such,

Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

82. For Defendant's violations of O.R.C. § 4111.03, by which Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. Named Plaintiff and the Rule 23 Class Members were employed by Defendant.

85. During all relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

86. The OPPA requires Defendant to timely pay Named Plaintiff and the Rule 23 Class Members all wages, including unpaid overtime, in accordance with O.R.C. § 4113.15(A).

87. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rate of pay, within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

88. Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

89. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**FOURTH CAUSE OF ACTION:**
**RULE 23 CLASS ACTION FOR DAMAGES PURSUANT TO O.R.C. § 2307.60**

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

92. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiff and the Ohio Rule 23 Class have been injured as a result.

93. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

94. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Ohio Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**FIFTH CAUSE OF ACTION:**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

95. All of the preceding paragraphs are realleged as if fully rewritten herein.

96. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; 29 C.F.R. §§ 516.2, *et seq*.

97. During times material to this complaint, Defendant was a covered employer and required to comply with the Ohio Wage Act's mandates.

98. Named Plaintiff and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

99. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

100. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

**SIXTH CAUSE OF ACTION:**
**NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR FLSA RETALIATION**

101. All of the preceding paragraphs are realleged as if fully rewritten.

102. Defendant unlawfully retaliated against Named Plaintiff in violation of the FLSA.

103. Named Plaintiff engaged in a protected activity when she complained to Defendant that it was not paying her the proper overtime rate of pay for the hours she worked over forty (40) in a workweek.

104. Defendant knew that Named Plaintiff engaged in such protected activity.

105. After Named Plaintiff engaged in the above protected activity, Defendant took the following adverse retaliatory actions against her: demoted her, removed some of her job duties, change her work schedule that she had been consistently working for years, and denied approval of her requested vacation days.

106. As a direct and proximate result of Defendant's conduct, Named Plaintiff has suffered and continues to suffer emotional distress and damages. In addition, Named Plaintiff seeks compensatory damages, liquidated damages, punitive damages, interest, attorneys' fees, costs, and all other remedies available as a result of Defendant's retaliation in violation of 29 U.S.C. § 215.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under the Ohio Acts;

D. Allowing Named Plaintiff, the FLSA Class Members, and the Rule 23 Class Members to prove their hours worked with reasonable estimates if Defendant failed to keep accurate records in accordance with Ohio law;

E. Awarding to Named Plaintiff and the FLSA Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

G. Awarding to Named Plaintiff and the Rule 23 Class Members liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H. Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

J. Awarding Named Plaintiff and the Rule 23 Class Members compensatory and punitive damages under O.R.C. § 2307.60;

K. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and the Ohio Acts;

L. Awarding Named Plaintiff, for her individual FLSA Retaliation claim, damages in an amount to be proved at trial, including, but not limited to, lost wages, compensatory damages, non-compensatory damages, emotional distress damages, nominal damages, liquidated damages, and punitive damages;

M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

N. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman