# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims asserted under the Fair Labor Standards Act ("FLSA") and related Ohio state wage and hour laws ("the Agreement") is entered into between Stacy Brown individually ("Brown") for herself, her heirs, successors and assigns, and Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services and its affiliates, subsidiaries, and parents ("Allied Universal"), together referred to herein as the Parties.

## RECITALS

1.      Brown filed a Complaint against Allied Universal on April 14, 2021 in U.S. District Court for the Northern District of Ohio (the "Court") (Case No. 3:21-cv-00801-JRK) (the "Lawsuit"). The Lawsuit asserts a series of claims against Allied Universal including failure to properly pay employees overtime wages; violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.; alleged violations of the Ohio Minimum Fair Wage Standards Act; O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"); Ohio Rev. Code § 4113.15; and O.R.C. § 2307.60 seeking damages for alleged unpaid wages and related penalties and relief, emotional distress, lost wages, and punitive damages for alleged retaliation, and attorneys' fees and costs.

2.      Allied Universal denies any liability or wrongdoing of any kind, including any and all liability for alleged damages, including unpaid wages.

3.      Allied Universal filed a Motion to Dismiss and to Compel Individual Arbitration and Dismiss the Class/Collective Claims on June 28, 2021.  That Motion is pending.

4.      The Parties agree that bona fide disputes exist between the Parties, including whether Brown is entitled to claimed compensation under the FLSA.

5.      Beginning in June 2021 through October 2021, the Parties engaged in arms-length and extensive negotiations. Subject to approval by the Court, the Parties, by and through their respective counsel, reached an agreement set forth herein to settle Brown's FLSA claims and related Ohio state law wage claims on an individual basis and to dismiss the alleged class and collective claims with prejudice.

6.      Brown's Counsel represents that they have conducted a thorough investigation into the facts of this Lawsuit and have diligently pursued an investigation of Brown's claims against Allied Universal, including researching the applicable law and potential defenses. Based on Brown's counsel's own independent investigation and evaluation, Brown's Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of the Brown in light of all known facts and circumstances, including the expense, risk of significant delay, and Allied Universal's defenses. Allied Universal agrees that the Settlement is fair, adequate, and reasonable.

7.      This Agreement represents a compromise of disputed FLSA claims (and related state law claims). Nothing in this Agreement is intended to or will be construed as an admission

by Allied Universal that Brown's claims in the Lawsuit have merit or that Allied Universal has liability as to Brown's claims.

## SETTLEMENT PAYMENTS AND DISTRIBUTION

8. **Total Settlement Payment**: Subject to Court approval, the Total Settlement Payment is seven thousand five hundred dollars ($7,500.00) broken down as follows: (a) Allied Universal will issue two checks to Stacy Brown, one in the amount of $2,500.00, less required payroll tax withholdings consistent with Brown's most recent W-4 on file with Allied Universal, for alleged wage damages, and the other in the amount of $2,500.00 for alleged non-wage damages; and (b) subject to approval by the Court, Allied will issue a check in the amount of $2,500.00 to Stacy Brown's counsel of record, Coffman Legal LLC. Brown and Coffman Legal will provide completed W-9 forms to Allied Universal in order for Allied Universal to process the non-wage Settlement Payments. Should the Court not approve the full amount of attorneys' fees jointly agreed to by Brown and Allied Universal and instead awards a lesser amount of attorneys' fees, Brown and Allied Universal agree that this shall not operate to invalidate or otherwise impact this Settlement and that any amount not awarded shall simply reduce the Settlement Payment for attorneys' fees set forth herein. Allied Universal will mail both Brown's payments and Brown's Counsel's attorneys' fees and costs payment to the office of COFFMAN LEGAL LLC, 1550 Old Henderson Rd, Suite 126 Columbus, OH 43220, within twenty-one (21) days of the Court's approval of this settlement.

9. **Treatment of Brown's Payments:** Allied Universal will report to the IRS and issue Brown an IRS Form W-2 for the amount paid to Brown as wages under this Settlement, and it will issue IRS Form 1099s to Brown and her counsel for the amounts paid as non-wage damages and attorneys' fees under this Settlement. Brown agrees to defend, indemnify, and hold Allied Universal harmless for the tax allocation of the Settlement Payments in the event any taxation entity determines the amounts should have been allocated differently.

## RELEASE OF CLAIMS

10. **Release of Claims:** In exchange for the payments, promises, and other consideration, mutual obligations and covenants provided in this Agreement, the sufficiency of which is acknowledged, Stacy Brown, her heirs, executors, successors, and assigns hereby releases Allied Universal, together with all former, current and respective members, officers, directors, shareholders, agents, employees, insurers, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities, as well as the Allied Universal clients at whose sites she was assigned in connection with her employment at Allied Universal, collectively referred to as "Released Parties," from all claims, rights, demands, liabilities and causes of action asserted in the Lawsuit and/or which arise out of and relate to the allegations and claims asserted in the Lawsuit and could have been asserted in the Lawsuit, including but not limited to claims for unpaid wages, unpaid overtime compensation, retaliation for complaining about wage-related issues, liquidated damages, interest, compensatory damages, penalties, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. and/or related Ohio State wage and hour laws alleged to have been violated in the Lawsuit.

2

11. **Acknowledgment of Full Resolution of Claims:** Brown agrees that the Total Settlement Payment resolves any and all claims she has for unpaid wages, back pay, compensatory and punitive damages, penalties, liquidated damages, attorneys' fees, costs, interest, or other monies or relief to which Brown may have been entitled to receive or recover in connection with Brown's claims against Allied Universal that are asserted in the Lawsuit.

## OTHER TERMS

12. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the settlement is fair, adequate, and reasonable.  Brown's Counsel further agrees that the above payments constitute a fair and reasonable resolution of a bona fide FLSA dispute.

13. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the Court to effectuate its terms, and to dismiss the action with prejudice.

14. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for entry of an order granting approval of the Settlement and entering judgment dismissing the Lawsuit with prejudice. The Parties shall bear their own attorneys' fees and costs, except as set forth in this Agreement.

15. **No Liability or Admission of Wrongdoing:** The Parties expressly warrant, represent and agree that the Agreement and the settlement terms hereof represent the compromise of disputed claims and that nothing in this Agreement shall be used or construed as evidence of an admission of any liability or wrongdoing by Allied Universal or Released Parties. Any payments pursuant to this Agreement are being made in settlement of a disputed claim and are in no manner an admission of liability or wrongdoing as any liability is expressly denied by Allied Universal. Moreover, the Agreement shall not be offered as evidence for any purpose in any other litigation or otherwise other than for the sole purpose of enforcing the terms of the Agreement or as required by applicable law or court order.

16. **No Assignment of Claims:** Brown represents and warrants that she is the sole and lawful owner of all rights, titles, and interests in the claims being settled and released through this Agreement. Brown further represents and warrants that she has not assigned or otherwise transferred her interest in any such claims to a third party.

17. **Choice of Law:** The Parties agree that this Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Ohio without regard to its conflicts of law rules.

18. **Acknowledgements:**  Brown acknowledges that she has been represented by counsel for the negotiation and settlement of this matter, and that Brown understands the terms of this Agreement, and knowingly and voluntarily enters into it.

19. **Construction:** The Parties expressly agree and acknowledge that this Agreement is not to be construed against any of the Parties on the basis of which party drafted the Agreement.

20. **Counterparts:** This Agreement may be executed in counterparts and may be signed electronically. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

21. **Severability:** The Parties agree that the terms of this Agreement are intended to be severable. If any term, provision, clause, or item of this Agreement is determined to be invalid or unenforceable by any court or administrative body of competent jurisdiction, the term, provision, clause or item should be reformed (if possible, or severed if not) to give the maximum effect to the intentions of the Parties, and the remaining portions of the Agreement shall be enforced to give effect to the Parties' intentions to the maximum extent possible.

**WHEREFORE**, the undersigned assert that they have read the foregoing Agreement and acknowledge that they have consulted with counsel and fully understand this Agreement and its legal significance and voluntarily sign it below to signify their agreement with its terms.

Dated: November _____, 2021  Nov 21, 2021

Stacy Brown (Nov 21, 2021 11:18 EST)

Stacy Brown

Dated: November __24__, 2021

Kadian Blanson

7BC5021C12C744A

Kadian Blanson, VP, Managing Counsel--Litigation
On behalf of Universal Protection Service, LLC
d/b/a Allied Universal Security Services

4